# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>IN THE MATTER OF THE SEARCH OF THE<br>CELLULAR TELEPHONE ASSIGNED CALL NUMBER<br>(513) 212-5887 (T-Mobile) | ) ) ) ) ) ) ) Case No. 1:23-mj-637 |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):* See Attachment A. This court has authority to issue this warrant under 18 U.S.C. §§ 2703(c)(1)(A), and 2711(3)(A). Because the government has satisfied the requirements of 18 U.S.C. § 3122, this warrant also constitutes an order under 18 U.S.C. § 3123.

located in the ___Southern___ District of ___Ohio___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 3148 | violating conditions of supervised release |

The application is based on the facts set forth in the Affidavit in Support of Application for Search Warrant. To ensure technical compliance with 18 U.S.C. 3121-3127, the requested warrant will also function as a pen register order. I thus certify that the information likely to be obtained is relevant to an ongoing criminal investigation. *See* 18 U.S.C. 3122(b), 3123(b). The investigation is being conducted by the United States Marshal Service.

Continued on the attached sheet.

☑ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Brandon Paty*
_____
Applicant's signature

Brandon Paty, Deputy United States Marshal
_____
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
___FaceTime video conference___ *(specify relia*

Date: **Aug 8, 2023**

City and state: Cincinnati, Ohio

*Karen L. Litkovitz*
_____
Karen L. Litkovitz
United States Magistrate Judge

**ATTACHMENT A**
**(Property to Be Searched)**

This warrant applies to:

1. Records and information associated with the telephone number assigned call number (513) 212-5887 **(**the "**Target Cell Phone**") that are within the possession, custody, or control of T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, NJ, 07054.

2. Information about the location of the **Target Cell Phone** that is within the possession, custody, or control of T-Mobile, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

**ATTACHMENT B**
**(Particular Things to be Seized)**

I.      **Information to be Disclosed by the Provider**

All information about the location of the **Target Cell Phone** described in Attachment A from June 23, 2023 until the date this warrant is executed, and then through 30 days after that date, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile/ Sprint Communications, is required to disclose the Location Information to the government.  In addition, T-Mobile/ Sprint Communications must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile/ Sprint Communications services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile/ Sprint Communications network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate T-Mobile/ Sprint Communications for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

**II.        Information to Be Seized by the Government**

All information described above in Section I that constitutes as evidence of violations of 18 U.S.C. § 3148 and will assist law enforcement in locating and arresting Donta MCCOY.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

## AO 106 ATTACHMENT

*See* Affidavit in Support of an Application for a Search Warrant.  To ensure technical compliance with the Pen Register Statute, 18 U.S.C. §§ 3121-3127, this warrant also functions as a pen register order.  Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the United States Marshal Service.  *See* 18 U.S.C. §§ 3122(b), 3123(b).

I declare under penalty of perjury that the foregoing is true and correct.


*David P. Dornette*
David P. Dornette
Assistant United States Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER (513) 212-5887 (T-Mobile) | Case No. ~~1:19CR70~~   1:23-mj-637  **Filed Under Seal** |

# AFFIDAVIT

I, Brandon Paty, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for historical and prospective information about the location of the cellular telephone assigned call number (513) 212-5887 **(**the "**Target Cell Phone**"), whose service provider is T-Mobile, a wireless telephone service provider headquartered at 4 Sylvan Way, Parsippany, NJ, 07054. The **Target Cell Phone** is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Deputy with the United States Marshal Service and have been since January 11, 2022. I attended Basic Deputy United States Marshals Integrated training at the National Federal Law Enforcement Training Center, where I received training in criminal investigations.

As a Deputy with the United States Marshal Service, I have participated in various aspects of criminal investigations, including physical surveillance and arrest warrants. I have also participated in the execution of search warrants for electronic devices and information such as search warrants for mobile telephones. I have also worked with federal, state, and local authorities to locate fugitives and effect arrests.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. § 3148 (violating conditions of supervised release) have been, are being, and will be committed by Donta MCCOY and/or other individuals using the Target Cell Phone. There is also probable cause to believe that the location information described in Attachment B will constitute as evidence of these criminal violations and will assist law enforcement in arresting Donta MCCOY, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7. The United States, including the United States Marshal Service, is conducting a criminal investigation of Donta MCCOY regarding violations of 18 U.S.C. § 3148.

8. On February 22, 2022, MCCOY was convicted in the Southern District of Ohio on one count of possession of a firearm by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). MCCOY was sentenced to 48 months imprisonment, with credit for time served, followed by three years of supervised release.

9. After serving his term of imprisonment, MCCOY's supervised release commenced on September 1, 2022.

10. On April 26, 2023, the Honorable Douglas R. Cole, United States District Court Judge for the Southern District of Ohio, issued a warrant for MCCOY's arrest based on a petition for warrant for offender under supervision. The petition alleged that MCCOY had violated various mandatory conditions of his supervised release, including testing positive for opiates on September 13, 2022; testing positive for marijuana on October 28, 2022, November 22, 2022, December 14, 2022, December 20, 2022, January 3, 2023, and January 18, 2023; testing positive for alcohol on November 22, 2022, January 3, 2023, January 18, 2023, February 13, 2023, March 14, 2023, and April 11, 2023; testing positive for cocaine on January 18, 2023, February 13, 2023, February 28, 2023, March 14, 2023, and April 11, 2023; and testing positive for benzodiazepines on December 14, 2022, December 20, 2022, and April 11, 2023. MCCOY also violated his conditions of release by failing to reside at a residence approved by his probation officer and failing to participate in substance abuse and/or mental health treatment.

11. On May 16, 2023, MCCOY appeared before the Court, admitted to the above described supervised release violations, and was sentenced to an additional 27 months of supervised release with an added condition that MCCOY must reside in a residential re-entry center (RCC) for nine months.

12. Upon his arrival at the RCC on June 2, 2023, MCCOY tested positive for marijuana, methamphetamine, and PCP.

13. On June 23, 2023, MCCOY was terminated from the RCC for repeated violent behavior towards staff.

14. On June 26, 2023, MCCOY reported to probation as directed and was ordered to report every Monday. MCCOY also tested positive for alcohol that day.

15. On July 3 & 10, 2023, MCCOY refused to submit to a drug test at substance abuse group. During that same time period, MCCOY also failed to report to probation.

16. On July 12, 2023, MCCOY's probation office sent a text message to MCCOY on the **Target Cell Phone**, ordering that he report to probation on July 17, 2023. MCCOY responded that same day and exchanged texts with his probation officer via the **Target Cell Phone**. But MCCOY ultimately failed to report to probation on July 17, 2023, as required under the mandatory terms of his supervised release.

17. Moreover, on July 13, 2023, the Honorable Douglas R. Cole, United States District Court Judge for the Southern District of Ohio, issued a second warrant for MCCOY's arrest based on another petition for warrant for offender under supervision.

18. MCCOY had previously reported to probation that he was living at an address with his child's mother. But on June 26, 2023, MCCOY advised that he was no longer living at that address and was not willing to provide probation with any additional addresses. Law enforcement believes that MCCOY is currently homeless.

19. Accordingly, based on my training, experience, and the facts of the investigation, I believe that MCCOY is currently using the **Target Cell Phone** in furtherance of violations of 18 U.S.C. § 3148 and that the requested location information described in Attachment B will

4

constitute as evidence of MCCOY's criminal violations. Furthermore, because MCCOY is currently at large, and law enforcement is attempting to locate him in order to execute the open arrest warrant described above, I believe that the requested location information described in Attachment B will also assist law enforcement in locating and arrested MCCOY.

**RELEVANT TECHNOLOGY**

20. In my training and experience, I have learned that T-Mobile is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

21. Based on my training and experience, I know that T-Mobile can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to

determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available.

22. Based on my training and experience, I know that T-Mobile can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as T-Mobile typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

23. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

24. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure

of any tangible property.  *See* 18 U.S.C. § 3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.  *See* 18 U.S.C. § 3103a(b)(2).

25. I further request that the Court direct T-Mobile to disclose to the government any information described in Attachment B that is within the possession, custody, or control of T-Mobile.  I also request that the Court direct T-Mobile to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with T-Mobile, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall reasonably compensate T-Mobile for reasonable expenses incurred in furnishing such facilities or assistance.

26. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

27. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court.  These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation.  Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

*Brandon Paty*

Brandon Paty
Deputy United States Marshal
United States Marshal Service

Subscribed and sworn to before me
via FaceTime on August __8__, 2023.

_____
Karen L. Litkovitz
United States Magistrate Judge

## ATTACHMENT A
### (Property to Be Searched)

This warrant applies to:

1. Records and information associated with the telephone number assigned call number (513) 212-5887 (the "**Target Cell Phone**") that are within the possession, custody, or control of T-Mobile, a company headquartered at 4 Sylvan Way, Parsippany, NJ, 07054.

2. Information about the location of the **Target Cell Phone** that is within the possession, custody, or control of T-Mobile, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

**ATTACHMENT B**
**(Particular Things to be Seized)**

I. **Information to be Disclosed by the Provider**

All information about the location of the **Target Cell Phone** described in Attachment A from June 23, 2023 until the date this warrant is executed, and then through 30 days after that date, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of T-Mobile/ Sprint Communications, is required to disclose the Location Information to the government. In addition, T-Mobile/ Sprint Communications must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with T-Mobile/ Sprint Communications services, including by initiating a signal to determine the location of the Target Cell Phone on T-Mobile/ Sprint Communications network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate T-Mobile/ Sprint Communications for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

II. **Information to Be Seized by the Government**

All information described above in Section I that constitutes as evidence of violations of 18 U.S.C. § 3148 and will assist law enforcement in locating and arresting Donta MCCOY.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.